# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> STEPHEN ROSHON DORSEY, <br> Defendant. | Case No. CR14-0058 <br> ORDER FOR PRETRIAL DETENTION |

On the 13th day of May, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Lisa C. Williams. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On May 7, 2014, Defendant Stephen Roshon Dorsey was charged by Indictment (docket number 3) with conspiracy to distribute crack cocaine (Count 1) and distribution of crack cocaine near a school (Count 3). At the arraignment on May 8, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on July 7, 2014.

Cedar Rapids Police Officer Jerry Hicks, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charges. In 2013, the Task Force received information that Kenneth Williams (a codefendant in this case) was selling crack cocaine in the Cedar Rapids area. The Task Force conducted a series of controlled buys from Williams, beginning in April 2013.

In May 2013, a confidential informant ("CI") called Williams and arranged to purchase crack cocaine. Defendant arrived at the specified location in a vehicle being driven by a woman. The CI got into the vehicle and it drove off. Officers attempted to maintain surveillance, but "lost it." Some time later, the vehicle returned to the area — this time without the woman — and Defendant dropped the CI off. A traffic stop was initiated and officers identified Defendant.

According to Task Force Officer Hicks, Williams and Dorsey spent time together. In the summer of 2013, officers responded to a call of "suspicious subjects" and found Williams and Defendant. Hicks estimated that during the course of the investigation, approximately eight phones were used to arrange drug purchases. Both Williams and Defendant used one or two of those phones. Hicks did not know to whom the phone numbers were assigned.

On December 30, 2013, the CI again contacted Williams and arranged to purchase crack cocaine. The CI was given instructions to go to a meeting place. Following the call, officers observed Defendant leave Williams' residence and drive to the meeting place. The CI got in the vehicle and allegedly purchased crack cocaine. The CI then got out of the vehicle and officers followed Defendant as he returned to Williams' residence.

In March 2014, a search was conducted at Williams' residence. Crack cocaine and packaging was found. Williams admitted that he had been selling crack cocaine in Cedar Rapids for the past two years.

According to the pretrial services report, Defendant is 32 years old. He was born and raised in Chicago, but relocated to Cedar Rapids in 2004. Defendant has never been married, but has three children from two prior relationships. The children live with their mothers in Chicago. Defendant's father and seven siblings all reside in Illinois.

Defendant is engaged and if released planned to return to his fiancé's residence in Cedar Rapids. For the past two months, Defendant has worked through a temporary

employment service at Heinz Quality Chef Foods in Cedar Rapids. In 2013, Defendant worked for approximately six months at Tyson Pet Products.

Defendant is in good health and has no history of mental or emotional health concerns. Defendant admitted that since age 15 he has smoked marijuana on a daily basis, when he is not incarcerated. He last smoked marijuana on the day of his arrest in this case (May 8, 2014).

Defendant has a serious prior criminal record. At age 15, Defendant was charged in Cook County, Illinois, with armed robbery with a firearm. Defendant was sentenced to ten years in prison and was paroled after approximately four and one-half years. While on parole, Defendant was charged with possession of cannabis and, in a separate incident, convicted of retail theft. His parole on the armed robbery charge was revoked and he was given a one-year prison term on the theft charge. Defendant was paroled again in May 2005.

In March 2006, while on parole, Defendant was charged with possession of cannabis. In May 2006, while still on parole, Defendant was charged again with possession of cannabis. Both charges were stricken off with leave to reinstate, and Defendant was discharged from parole on May 16, 2006.

In October 2006, Defendant was charged with drinking alcohol on a public way. In July 2007, Defendant was charged with disorderly conduct. The first charge was not prosecuted and the second charge was stricken off with leave to reinstate. In March 2009, Defendant was charged and later convicted in Kenosha County, Wisconsin, with possession with intent-marijuana. He was sentenced to 100 days in jail and two years' probation.

On November 13, 2009, while on probation in Wisconsin, Defendant was charged in Cook County, Illinois, with receiving or possessing stolen property. He was sentenced to three years in prison in December 2009 and paroled in April 2011. In July 2012, while on parole in Illinois, Defendant was charged and later convicted in Linn County, Iowa,

with assault use/display of a weapon. Also at that time, Defendant was arrested on an Illinois warrant as a "fugitive from justice."[1] Defendant waived extradition and was returned to Illinois, where his parole was revoked in November 2012. He was discharged in April 2013.

On June 9, 2013, Defendant was charged and convicted in Linn County, Iowa, with disorderly conduct, interference with official acts, and public intoxication. In August 2013, Defendant was charged and convicted of theft in the fifth degree. In September 2013, Defendant was charged and convicted of providing false identification information. In October 2013, Defendant was charged and convicted of public intoxication.

On March 25, 2014, Defendant was charged in Linn County with criminal mischief, third degree. That charge is still pending.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the

---

[1] Defendant was also arrested at that time on a warrant from Wisconsin as a "fugitive from justice." The Court is unable to determine from the pretrial services report, however, the circumstances surrounding the Wisconsin warrant.

4

court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of

residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute crack cocaine and distribution of crack cocaine near a school. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Defendant was not initially the target of the Task Force's investigation. The original target, Kenneth Williams (a codefendant in this case), admitted following a search of his residence in March 2014 that he had been selling crack cocaine in Cedar Rapids for two years. When officers conducted controlled buys in May 2013 and December 2013, Defendant actually conducted the transaction. On other occasions, Defendant apparently answered Williams' phone when drug transactions were being arranged. The Court concludes that the weight of the evidence against Defendant on both the conspiracy and distribution counts is strong.

Defendant has ties to the Cedar Rapids community and is apparently employed. Defendant has a serious prior criminal record, however, including a history of committing additional crimes while under supervision. Defendant's parole has been revoked on two prior occasions. He has also committed crimes while on probation and while other charges are pending. Defendant has been convicted of violent crimes, including armed robbery and assault using or displaying a weapon. When Defendant was arrested on the latter charge in Linn County in July 2012, he apparently had warrants outstanding for his arrest in both Wisconsin and Illinois. There is a rebuttable presumption in this case that Defendant should be detained prior to trial. Given the presumption, including the other facts and circumstances set forth above, the Court concludes Defendant should be detained pending the trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (May 8, 2014) to the filing of this Ruling (May 14, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 14th day of May, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA